Dear Mr. Canty:
This office is in receipt of your opinion request concerning dual officeholding. You specifically ask us to consider if an appointed chief of police may also be elected to the position of constable. In addressing your inquiry, we look first to the definitions pertaining to dual office-holding. LSA-R.S. 42:62
provides,
 "(1) `Elective office' means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which in not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) `Appointive office' means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by and elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (4) `Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) `Part time' means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time."
You advise per your request that the position of Chief of Police of the Town of Berwick is a full time job. You also advise us that the position of Chief of Police is an appointive one. The position of constable is an elective office as defined by LSA-R.S. 42:62(1).
We next look to LSA-R.S. 42:63, which determines whether the combination of offices that you speak of is prohibited. Specifically, we look to LSA-R.S. 42:63(D), which provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof.
As previously mentioned, the office of constable is an elective office. The office of Chief of Peace of Berwick, if it meets the definition of `full time', is a full time appointive office. Such a combination of offices is clearly prohibited by the aforementioned section, as it prevents a person from holding an elective office and full time appointive office simultaneously.
In conclusion, the Chief of Police of the Town of Berwick, assuming he serves in a full time appointive capacity, is prohibited from simultaneously holding the elective position of constable.
We hope the foregoing sufficiently answers your inquiry. If this office may be of any further assistance, please contact us.
Very truly yours:
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL